# United States Court of Appeals for the Fifth Circuit

---

No. 25-50600
consolidated with
No. 25-50601

---

United States Court of Appeals
Fifth Circuit

**FILED**
June 12, 2026

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Ronald Fabricio Herrera-Gonzalez,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC Nos. 2:25-CR-283-1,
2:24-CR-1071-1

---

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Ronald Fabricio Herrera-Gonzalez appeals his conviction and sentence for illegal reentry, *see* 8 U.S.C. § 1326(a), as well as the revocation of his term of supervised release in a previous case. Regarding his conviction, he argues for the first time on appeal that the sentencing enhancement

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

25-50600
c/w No. 25-50601

provision of 8 U.S.C. § 1326(b) is unconstitutional. He does not raise any challenge to his revocation judgment. The Government has filed a motion for summary affirmance asserting that Herrera-Gonzalez's challenge is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), or, alternatively, for an extension of time to file a brief. Although Herrera-Gonzalez takes no position on the motion for summary affirmance, he acknowledges his argument is foreclosed and raises the issue to preserve it for further review.

The parties are correct that Herrera-Gonzalez's argument is foreclosed. *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States*, 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction") (internal quotation marks and citation omitted)). Summary affirmance is therefore appropriate. *See Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, its alternative motion for an extension of time is DENIED, and the judgments are AFFIRMED.